UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMC DEVELOPMENT, LLC, and<br><br>JACKSOPHIE GSCH, LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>DISTRICT OF COLUMBIA,<br><br>MURIEL BOWSER, in her official capacity as Mayor of the District of Columbia,[1] and<br><br>NOT-FOR-PROFIT-HOSPITAL CORP,<br><br>   Defendants. | Case No. 1:13-cv-00899-GK<br><br>**JURY TRIAL DEMANDED** |

### MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

Plaintiffs UMC Development, LLC, and Jacksophie GSCH, LLC, (collectively, "Developers") hereby respectfully move the Court for leave under Federal Rule of Civil Procedure 15(a) and 15(d) to amend and supplement their Complaint by filing a Second Amended Complaint, a copy of which is attached as Exhibit A. The Developers' Second Amended Complaint supplies amended allegations to fill in factual details of the claims outlined in the First Amended Complaint. It also adds new allegations concerning facts arising after the filing of the First Amended Complaint—specifically, facts confirming that the Developers exhausted the available state-court options in attempting to obtain just compensation for the District's taking of their property. The Second Amended Complaint also reinstates certain state-

---

[1] Under Federal Rule of Civil Procedure 25(d), Muriel Bowser has been substituted in her official capacity as a defendant in this case.

law claims previously removed to this Court and remanded to D.C. Superior Court, consistent with the fact that they were dismissed without prejudice based on pleadings defects now cured.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises from the District of Columbia's wrongful foreclosure on a hospital, now called the United Medical Center, and its surrounding real property. Before the foreclosure, the Developers had signed contracts entitling them to obtain title to the property surrounding the hospital if certain conditions were met, and, even before they obtained title, to develop the land and profit from leasing it. Towards that end, the Developers spent significant amounts of time (over 2,000 hours) and money (over $100,000 out of pocket) developing the land, and they had started earning income from renting the land to an MRI center and a kidney-dialysis company. When the District foreclosed, the rental income dried up and the Developers lost their contractual rights, the money they had invested in the land, and their reasonable investment-backed expectations of earning additional future income from the land.

The District foreclosed on the hospital in an attempt to rectify problems that it perceived with the operations of Specialty Hospitals of America, LLC, the company tasked with running the United Medical Center. As the District itself has acknowledged via internal email, however, the foreclosure was wrongful: It disregarded governing law, violated contracts the District had signed regarding title to the property, and deprived innocent parties, particularly the Developers, of their established property interests. The Developers therefore filed this lawsuit against the District of Columbia and related parties in D.C. Superior Court on May 31, 2013, bringing both federal-law claims (for violations of the Due Process Clause and the Takings Clause) and state-law claims (for, *inter alia,* wrongful foreclosure, breach of contract, specific performance, restitution, unjust enrichment, breach of fiduciary duty, and tortious interference with prospective economic advantage).

The "District Defendants"—namely the District of Columbia (the "District") and official-capacity defendant Mayor Vincent Gray (who has now, under Rule 25(d), been replaced by Mayor Muriel Bowser in her official capacity)—and Defendant Not-For-Profit-Hospital Corporation removed the action to this Court in mid-2013. ECF 1 & 10. The Developers moved to remand. ECF 6. On October 8, 2013, the Court dismissed the federal-law claims without prejudice and declined to exercise supplemental jurisdiction over the state-law claims, remanding them to the D.C. Superior Court. ECF 27 & 28. On October 28, 2013, this Court issued another order clarifying that the dismissal of the federal claims: "1. is not a decision on the merits of those claims; 2. has no preclusive effect[] on those claims; and 3. prospectively tolls the statute of limitations on those claims." ECF 32.

The Developers responded on November 4, 2013, by filing a First Amended Complaint that re-alleged the federal claims. ECF 33. On December 5, 2013, this Court stayed the federal proceedings pending resolution of the state-law claims in D.C. Superior Court. Since that time, the parties have been filing periodic status reports to update this Court on progress in the D.C. state courts.

On January 14, 2014, the D.C. Superior Court dismissed with prejudice all of the Developers' state-law claims for lack of jurisdiction. The Developers appealed, and on July 10, 2015, the D.C. Court of Appeals affirmed the dismissal on the ground that the Developers had failed to allege sufficient facts in their Complaint to establish standing in D.C. Superior Court. The D.C. Court of Appeals also concluded that, because this was a jurisdictional dismissal, the dismissal order should be without prejudice. Thus, the D.C. Court of Appeals ordered the case remanded to the D.C. Superior Court to amend the dismissal order so that it is without prejudice.

On August 13, 2015, the D.C. Superior Court amended the dismissal order to be without prejudice, pursuant to the mandate of the D.C. Court of Appeals.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings with leave of the court and that the court "should freely give leave when justice so requires." *Accord, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]he leave sought should, as the rules require, be 'freely given.'"). "Rule 15 reflects one of the basic policies of the federal rules—that pleadings are not an end in themselves but are only a means to assist the presentation of a case to enable it to be decided on the merits." *Cross v. Price Waterhouse & Co.*, 1983 WL 1296, at *2 (D.D.C. Apr. 7, 1983) (quotation marks omitted).  Motions for leave to amend should presumptively be granted.  In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." *Paxton v. Washington Hosp. Ctr. Corp.,* 299 F.R.D. 335, 335 (D.D.C. 2014) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). The burden rests on the non-movants—in this case, the Defendants—to show why leave to amend should *not* be granted. *See id.* ("[T]he non-movant generally carries the burden in persuading the court to deny leave to amend." (quoting *Nwachukwu v. Karl,* 222 F.R.D. 208, 211 (D.D.C. 2004))).

Rule 15(d), like Rule 15(a), liberally allows pleadings to be supplemented to add new events that arise after a pleading is first filed. *See Griffin v. County School Board*, 377 U.S. 218, 226–27 (1964); *Keith v. Volpe*, 858 F.2d 467, 475–76 (9th Cir. 1988).  Here, there can be little dispute that leave to amend and supplement is appropriate.

**ARGUMENT**

The D.C. Courts dismissed the Developers' state-law claims for lack of standing[2] at the pleading stage after construing the Developers' Complaint narrowly and refusing to presume specific facts (such as that the Developers had earned income by renting out the land to an MRI Center and a kidney-dialysis company) from the general allegations in the Complaint (such as that, until the foreclosure, the Developers expected to earn continuing returns from the land). *See UMC Development, LLC v. District of Columbia,* 2015 WL 4113371 (D.C. July 9, 2015).

Whatever the pleading standards may be in D.C. state courts, it is clear that in federal court general allegations of injury are presumed at the pleading stage to incorporate all specific facts necessary to make out a successful claim, including facts that establish standing, *Bennett v. Spear,* 520 U.S. 154, 168 (1997) (concluding that a "complaint allege[d] the requisite injury in fact" because "it is easy to presume specific facts under which petitioners will be injured"); *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 920 (7th Cir. 2002) ("It is easy to imagine facts *consistent with* this complaint and affidavits that will show plaintiffs' standing, and no more is required [at the pleading stage].").

Nevertheless, out of an abundance of caution, we respectfully move for leave to amend to add in more of the specific facts that fill in details about the claims in this case, including facts about: (1) the rental income the Developers were earning from the land up until the time of foreclosure, (2) the amount of time and money the Developers spent on developing the land before the foreclosure; and (3) the repeated promises the District made, up until the foreclosure, that it was going to approve transfer of title of land to the Developers, which was the final

---

[2]  Because the District of Columbia courts were created under Article I of the U.S. Constitution, they are not subject to Article III of the U.S. Constitution although they generally purport to track its requirements. *Grayson v. AT&T Corp.*, 15 A.3d 219 (D.C. 2011) (*en banc*).

condition necessary for the Developers to obtain title outright.  It is appropriate to grant leave to amend to allow plaintiffs "to add a handful of allegations that are designed to flesh out the factual basis for the claims they have already asserted." *Council on American-Islamic Relations Action Network, Inc. v. Gaubatz,* 793 F. Supp. 2d 311, 324 (D.D.C. 2011).

The Second Amended Complaint also includes facts that have arisen since the filing of the First Amended Complaint and that further perfect Developers' claim under the Takings Clause of the Fifth Amendment.  For a takings claim to ripen in federal court, the plaintiff must have exhausted state-court remedies that might supply just compensation.  *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95 (1985).  With the D.C. Court of Appeals' affirmance of the dismissal (without prejudice) of the Developers' state-law claims, and the D.C. Superior Court amending its order to reflect that mandate, the Developers have now exhausted their state-court remedies.  Accordingly, the Second Amended Complaint includes factual allegations about the Developers' exhaustion of the available state-law remedies.

Besides providing these additional facts, the Second Amended Complaint also reinstates certain of the Developers' state-law claims against the Defendants.  The D.C. Court of Appeals specifically ordered that these claims be dismissed *without prejudice* so they can be litigated in another forum.  Because the D.C. state courts have indicated that they are unwilling to adjudicate these claims on the merits, the Developers respectfully submit that it is now appropriate for this Court to exercise its supplemental jurisdiction over these claims so that they can be fairly entertained and decided on the merits.

A Court grants leave to amend as a matter of course where there is no prejudice to the non-movant.  *See Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006).  None of these proposed

changes prejudices the Defendants or the Court. The amendments do not burden the parties or the Court with the need for additional discovery because, in fact, the parties have yet to undertake any discovery. Nor would they "radically reshape the action." *Council on American-Islamic Relations Action Network*, 793 F. Supp. 2d at 322. The claims alleged in the Second Amended Complaint were all alleged in the Developers' original Complaint. Indeed, the Defendants themselves previously removed all of those claims to this Court, *see* ECF 1 & 10, so they should have no quarrel with this Court adjudicating those claims on the merits.

Moreover, this amendment is not the result of Developers' undue delay or bad faith. The case in this Court has been stayed pending resolution of the litigation in the D.C. state courts. This request comes on the heels of the D.C. Court of Appeals' affirmance of the dismissal of the Developers' claims in D.C. state court. Until that affirmance, it was uncertain whether the Developers would need to return to federal court to obtain a remedy for deprivation of their property interests. Once it became clear that it would be necessary to return to this Court, the Developers promptly filed this motion. The motion is therefore timely and made in good faith.

Finally, the amendment would not be futile. The Second Amended Complaint establishes beyond a doubt that the District's foreclosure amounted to a confiscation of the Developers' property interests (including their contractual rights to the land, their rental income from the land, and their investments in the land), thereby giving the Developers Article III standing to sue the District and obtain adjudication of an actual "case or controversy." *See, e.g.*, *Watt v. Energy Action Educational Foundation*, 454 U.S. 151, 160–61 (1981); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 262–63 (1977); *Toll Brothers, Inc. v. Township of Readington*, 555 F.3d 131, 138–42 (3d Cir. 2009); *Danvers Motor Co., Inc., v. Ford Motor Co.*, 432 F.3d 286, 291–94 (3d Cir. 2005) (Alito, J.).

## CONCLUSION

Given the permissive policy in favor of granting leave to amend and supplement a pleading, and the complete absence of prejudice, undue delay, bad faith, or futility, the Court should grant the Developers leave to file the Second Amended Complaint.

Dated:  September 8, 2015.	QUINN EMANUEL URQUHART
	& SULLIVAN, LLP


	*/s/ Derek L. Shaffer*
	Derek L. Shaffer (D.C. Bar No. 478775)
	    dshaffer@quinnemanuel.com
	Jonathan G. Cooper (D.C. Bar No. 999764)
	    jonathancooper@quinnemanuel.com
	777 6th Street NW
	Washington, DC 20001
	(202) 538-8000

	*Counsel for UMC Development, LLC, and Jacksophie GSCH, LLC*

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 8, 2015, counsel for the parties conferred regarding Plaintiffs' Motion for Leave to File Second Amended Complaint, and thereby complied with the meet and confer requirement in Local Civil Rule 7(m). Defendants District of Columbia, Muriel Bowser, in her official capacity as Mayor of the District of Columbia (collectively, the "District"), and Not-For-Profit-Hospital Corporation oppose this motion. The District stated that it believes Plaintiffs' second amended complaint would be futile.

*/s/ Derek L. Shaffer*
Derek L. Shaffer

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2015, I electronically filed the foregoing Motion with the Clerk of the Court using the Court's ECF system, which will send notice of this filing to all parties.

*/s/ Derek L. Shaffer*
Derek L. Shaffer